[609 NYS2d 69]

In the Matter of JOHN W. CASEY, a Suspended Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE SECOND AND ELEVENTH JUDICIAL DISTRICTS, Petitioner.

Second Department, March 14, 1994

APPEARANCES OF COUNSEL

*Robert H. Straus,* Brooklyn *(Robert J. Saltzman* of counsel), for petitioner.

*John W. Casey,* Waterbury, Connecticut, respondent *pro se.*

## OPINION OF THE COURT

Per Curiam.

In this proceeding, the respondent was charged with 10 allegations of professional misconduct. The Special Referee sustained Charges Two, Three, Six, Seven, Eight, Nine and Ten. Charges One, Four and Five were withdrawn by the petitioner.

The charges were predicated upon a common set of factual allegations. The respondent was appointed, in or approximately 1985, to serve as Committee for George McCabe, an incompetent person. Pursuant to this appointment, the respondent maintained an account at Citibank entitled "Committee on Behalf of George McCabe". The purported function of the Committee account was to pay for the maintenance and support of Mr. McCabe. The respondent also maintained his attorney escrow account at Citibank.

Between December 1988 and June 1990, the respondent deposited clients' funds, which had been entrusted to him as a fiduciary, into the escrow account. During that interval, the respondent also routinely deposited his personal funds into the escrow account.

Between October 1988 and June 1990, the respondent ceased issuing to Mr. McCabe, or to any other parties, Committee account checks pertaining to Mr. McCabe's support. During that interval, the respondent issued 17 Committee account checks totalling $13,355, drawn to either his own or to his wife's order. Eight of these 17 checks, totalling $4,800, were cashed by either the respondent or his wife. Nine of the 17 checks, totalling $8,555, were deposited into the respondent's escrow account.

Between December 1988 and March 1990, the respondent depleted his escrow account by making cash withdrawals totalling approximately $34,000.

In October 1990, the petitioner Grievance Committee successfully moved pursuant to 22 NYCRR 691.4 *(l)* for the respondent's immediate suspension from the practice of law based upon his failure to submit answers to pending com-

plaints of professional misconduct. In a subsequent motion for reargument of the suspension motion, the respondent referred to documents purporting to be written answers which he claimed to have timely submitted to the Grievance Committee. In fact, the purported answers were never sent. The respondent was suspended from the practice of law for his failure to cooperate with the Grievance Committee. The respondent refused to comply with the lawful demand of the petitioner Grievance Committee that he provide records of his attorney escrow account, which records he was required to maintain and produce.

Based upon the aforementioned conduct, the respondent was charged with commingling funds entrusted to him as Committee with funds entrusted to him by other clients (Charge Two), commingling client funds entrusted to him as a fiduciary with personal funds (Charge Three), engaging in conduct adversely reflecting on his fitness to practice law (Charges Six and Nine), engaging in conduct involving dishonesty, deceit and misrepresentation (Charge Seven), engaging in conduct prejudicial to the administration of justice (Charge Eight), and engaging in conduct violative of Code of Professional Responsibility DR 9-102 (H) (22 NYCRR 1200.46 [h]) for refusing to comply with the lawful demands of the Grievance Committee that he provide records of his attorney escrow account, which records he was required to maintain and produce (Charge Ten).

Upon a review of the evidence adduced, we conclude that the Special Referee properly found that Charges Two, Three, Six, Seven, Eight, Nine and Ten were sustained by a preponderance of the evidence. The respondent is guilty of professional misconduct as alleged in those charges. Accordingly, the petitioner's motion to confirm the Special Referee's report to that extent is granted.

In determining an appropriate measure of discipline to impose, the respondent asks the Court to consider numerous character letters submitted by Family Court Judges and practicing attorneys attesting to his high moral character. The respondent reiterates that he is no longer the depressed, emotionally troubled person he was during the latter part of his marriage, and declares himself ready to accept his responsibilities. Notwithstanding the factors offered in mitigation, the respondent is guilty of serious professional misconduct by virtue of his slovenly or nonexistent record keeping, the casual approach taken to his fiduciary duties and his attempt

to deceive the Court with correspondence purporting to be timely answers to complaints of professional misconduct against him. Under the circumstances, the respondent is suspended from the practice of law for three years.

MANGANO, P. J., THOMPSON, BRACKEN, SULLIVAN and BALLETTA, JJ., concur.

Ordered that the petitioner's motion to confirm the report of the Special Referee is granted; and it is further,

Ordered that the respondent, John W. Casey, is suspended from the practice of law for a period of three years, commencing March 14, 1994, and continuing until the further order of this Court, with leave to the respondent to apply for reinstatement no sooner than six months prior to the expiration of the said period of three years upon furnishing satisfactory proof (a) that during the said period he refrained from practicing or attempting to practice law, (b) that he has fully complied with this order and with the terms and provisions of the written rules governing the conduct of disbarred, suspended and resigned attorneys (22 NYCRR 691.10), and (c) that he has otherwise properly conducted himself; and it is further,

Ordered that pursuant to Judiciary Law § 90, during the period of suspension and until the further order of this Court, the respondent, John W. Casey, shall continue to desist and refrain (1) from practicing law in any form, either as principal or agent, clerk or employee of another, (2) from appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission or other public authority, (3) from giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) from holding himself out in any way as an attorney and counselor-at-law.